UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WENDY DIAZ,

Plaintiff,

vs.                                                         Case No.:

STELLAR RECOVERY, INC.

Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

3. This action arises out of Defendant's violations of the FDCPA and the FCCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5. Plaintiff, Wendy Diaz, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Stellar Recovery, Inc. ("Stellar") is a collection agency operating from an address of 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6).

7. Defendant Stellar regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

8. Defendant Stellar regularly collects or attempts to collect debts for other parties.

9. Defendant Stellar is a "debt collector" as defined in the FDCPA and FCCPA.

10. Defendant Stellar was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute § 559.55(1).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. Defendant called the Plaintiff incessantly and repeatedly at her home to collect on the alleged debt.

15. Plaintiff did not authorize Defendant to communicate with her at her home, or to leave voicemail messages at her home number, where other third parties have accessibility to the messages, namely Danae Diaz and Andres Alvarino.

16. No court authorized Defendant to communicate with any other third parties.

17. The members of Plaintiff's household have no legitimate business need for the information communicated in the telephone messages.

18. Defendant knew or had reason to know that the messages were being left at a home landline and that third parties in the household had no legitimate business need for the information communicated in the telephone messages.

19. The messages communicated information affecting Plaintiff's reputation.

20. Defendant knew or had reason to know that persons other than Plaintiff might hear its telephone messages if left at a telephone number belonging to other individuals in Plaintiff's household. Defendant made no efforts to verify whether the telephone number belonged to the Plaintiff.

21. Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

22. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

23. In or about March and April of 2014, Defendant Stellar's collectors contacted Plaintiff at her home telephone in an effort to collect this debt; these attempts were

3

"communications" to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

24. During these communications, Defendant left the following voicemail messages for Plaintiff when it contacted her home telephone number, and failed to state that it was an attempt to collect a debt:

<u>(954) 889-5295</u> 32s <u>1:03 pm</u> Mon <u>April 28, 2014</u>
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. Esta es una llamada importante de Stellar Recovery. Esta llamada es de un cobrador de deudas. Por favor llame al regreso al 855-820-5219. (*Last sentence was translated from English to Spanish*) *(Female Voice)*

<u>(954) 889-5295</u> 32s <u>4:03 pm</u> Fri <u>April 25, 2014</u>
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. Esta es una llamada importante de Stellar Recovery. Esta llamada es de un cobrador de deudas. Por favor llame al regreso a 855-820-5219. (*Last sentence was translated from English to Spanish*) *(Female Voice)*

<u>(954) 889-5316</u> 32s <u>9:43 am</u> Thu <u>April 24, 2014</u>
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. Esta es una llamada importante de Stellar Recovery. Esta llamada es de un cobrador de deudas. Por favor llame al regreso a 855-820-5219. (*Last sentence was translated from English to Spanish*) *(Female Voice)*

<u>(954) 889-5272</u> 32s <u>9:33 am</u> Wed <u>April 23, 2014</u>
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. Esta es una llamada importante de Stellar Recovery. Esta llamada es de un cobrador de deudas. Por favor llame al regreso a 855-820-5219. (*Last sentence was translated from English to Spanish*) *(Female Voice)*

<u>(954) 889-5316</u> 32s <u>7:27 am</u> Fri <u>April 18, 2014</u>
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. Esta es una llamada importante de Stellar Recovery. Esta llamada es de un cobrador de deudas. Por favor llame al regreso a 855-820-5219. (*Last sentence was translated from English to Spanish*) *(Female Voice)*

<u>(954) 889-5272</u> 32s <u>9:27 am</u> Thu <u>April 17, 2014</u>
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. Esta es una llamada importante de Stellar Recovery. Esta

llamada es de un cobrador de deudas. Por favor llame al regreso a 855-820-5219. (*Last sentence was translated from English to Spanish*) *(Female Voice)*

(954) 889-5295 32s 8:05 am Wed April 16, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. Esta es una llamada importante de Stellar Recovery. Esta llamada es de un cobrador de deudas. Por favor llame al regreso a 855-820-5219. (*Last sentence was translated from English to Spanish*) *(Female Voice)*

(954) 889-5316 17s 2:05 pm Tue April 15, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5316 17s 7:26 am Sat April 12, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. (Female Voice)

(954) 889-5272 17s 6:15 am Sat April 11, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. (Female Voice)

(954) 889-5295 16s 3:03 pm Thu April 10, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. (Female Voice)

(954) 889-5316 16s 6:33 am Wed April 9, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. (Female Voice)

(954) 889-5272 17s 2:46 pm Tue April 8, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5295 16s 9:43 am Mon April 7, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5272 17s 7:23 am Sat April 5, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5295 17s 6:47 am Fri April 4, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5316 17s 6:44 am Thu April 3, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5295 16s 2:43 pm Tue April 1, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5316 16s 6:51 am Mon March 31, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5316 17s 6:21 am Fri March 28, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5272 17s 4:17 pm Thu March 27, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5295 17s 7:46 am Thu March 20, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5316 17s 4:07 pm Wed March 19, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5272 17s 2:42 pm Tue March 18, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5295 17s 9:07 am Mon March 17, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5272 16s 7:27 am Sat March 15, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5295 17s 9:16 am Fri March 14, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5316 17s 10:20 am Thu March 13, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5272 17s 12:34 pm Wed March 12, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

(954) 889-5316 16s 10:35 am Mon March 10, 2014
This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 855-820-5219. *(Female Voice)*

25. Defendant called the Plaintiff incessantly and repeatedly at her home in efforts to collect on the alleged debt.

26. Defendant repeatedly attempted to collect this debt with intent to harass Plaintiff.

## SUMMARY

27. All of the above-described collection communications were made by the Defendant to Plaintiff's home where she resides with other individuals, and are in violation of 15 U.S.C. §1692, as well as the FCCPA §559.72.

28. The above-described collection communications made by Defendant Stellar, and its collection employees, to Plaintiff at home were made in violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to 15 U.S.C. § 1692(b), §1692(c), §1692(d), §1692(e), and §1692(g), as well as Florida Statutes §559.72(5) and §559.72(7).

29. During its collection communications, Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), §1692e(11) amongst others.

30. On multiple occasions, Defendant left voicemail messages for Plaintiff at her home, without knowing whether any other household member had access to the voicemail messages. In doing so, the Defendant disclosed information affecting the debtor's reputation to a person other than the debtor. Defendant had reason to know that a third party listening to these voicemail messages had no legitimate business need for that information. These communications were conducted in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(c), namely 15 U.S.C. § 1692c(a)(3) and 15 U.S.C. § 1692c(b), as well as Florida Statutes §559.72(5).

31. The Defendant left voicemail messages for the Plaintiff at her home and failed to state the purpose of Defendant's communications, in violation of 15 U.S.C.§1692d(6) and 15 U.S.C. §1692e(11).

32. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, as well as invasions of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts, which resulted in damages to this Plaintiff.

33. Defendant's disclosure of Plaintiff's indebtedness to a third party constitutes an invasion of her privacy and her right to financial privacy.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### FAILURE TO DISCLOSE
### PURPOSE OF CALL
### 15 U.S.C. §1692(e)

38. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

39. Defendant failed to disclose in the telephone messages the purpose of Defendant's communication, in violation of 15 U.S.C. 1692e(11).

### COUNT 3

### CONTACTING THIRD PARTIES
### 15 U.S.C. § 1692(b)

40. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this

Complaint as though fully stated herein.

41. Defendant left numerous messages for Plaintiff at her home at a voicemail that is accessible to persons other than the Plaintiff, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(b), namely 15 U.S.C. § 1692b(1), and 15 U.S.C. § 1692b(3).

42. Defendant violated § 1692b of the FDCPA by the foregoing acts.

## COUNT 4

### PROHIBITED COMMUNICATIONS PRACTICES
### 15 U.S.C. § 1692(c)

43. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

44. Defendant engaged in prohibited communications practices when it left messages in a voicemail that is accessible to persons other than the Plaintiff.

45. By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(c), namely § 1692c(a)(3) and § 1692c(b).

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 30-DAY VALIDATION NOTICE
### 15 U.S.C. § 1692(g)

46. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

47. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

48. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 6

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

49. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

50. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

Congress also recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act. This Act regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, when it stated as part of its purpose:

> It is the policy of the Congress that each financial institution has an affimative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

51. Defendant and/or its agents intentionally and/or negligently interfered with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt, resulting in an invasion of Plaintiff's privacy.

11

52. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to third parties when it left messages in a voicemail at Plaintiff's home, where voicemail messages are accessible to third parties, thereby invading Plaintiff's right to financial privacy.

53. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

54. The conduct of this Defendant and its agent, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in an intrusion and invasion of privacy, which would be considered highly offensive to a reasonable person in that position.

## COUNT 7

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT FLORIDA STATUTE §559.55 et seq. ("FCCPA")

55. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FCCPA including, but not limited to, Florida Statute § 559.72 and § 559.715.

57. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 8

### VIOLATION OF 559.72(5) OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT

58. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

59. Defendant disclosed Plaintiff's alleged indebtedness to a third-party. Defendant knew or had reason to know that the third party did not have a legitimate need for the information, in violation of Florida Statute § 559.72(5), FCCPA. Defendant attempted to collect a debt by disclosing to a person other than the debtor information regarding Plaintiff's reputation, in violation of Florida Statute § 559.72(5), FCCPA.

60. As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

## COUNT 9

### VIOLATION OF 559.72(7) OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT

61. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

62. Defendant willfully communicated with Plaintiff's home telephone number and left messages on a general voicemail accessible to members of her household, with such frequency as can reasonably be expected to harass the debtor or her family, in violation of Florida Statute § 559.72(7), FCCPA.

## COUNT 10

### VIOLATION OF 559.715 OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT

63. Plaintiff incorporates by reference all of the above paragraphs 1 through 34 of this Complaint as though fully stated herein.

64. The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

65. Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The Defendant did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a) Damages;

b) Reasonable attorney's fees and costs; and

c) Such further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: April 28, 2014

Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile: (305) 526-1175
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2014, I electronically filed the foregoing Complaint with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or parties of record on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile: (305) 526-1175
Attorney for Plaintiff

## SERVICE LIST

Stellar Recovery, Inc.
c/o Brant Abraham Reiter McCormick & Johnson,
as Registered Agent
50 North Laura Street, Suite 2750
Jacksonville, Florida 32202
Defendant